HAROLD F. ELDRIDGE, Plaintiff, *v.* THOMAS MILO, Defendant.

Supreme Court, New York County, June 3, 1927.

Master and servant — breach of employment contract — action to restrain defendant from continuing in competitor's employ — evidence does not show defendant's services were extraordinary or unique in character — injunction pendente lite denied.

Defendant, who breached his contract of employment with plaintiff, and subsequently accepted employment with a competitor, should not be restrained

from continuing said employment pending the trial of this action for an injunction, where there is nothing to show that defendant's services in plaintiff's behalf were extraordinary or unique in character, and that they could not be readily replaced.

MOTION for an injunction *pendente lite* to restrain employee from associating with a competitor.

*Louis Halle,* for the plaintiff, for the motion.

*Murray A. Meyerson,* for the defendant, opposed.

LEVY, J.   Defendant's letter of March fifteenth would appear to indicate that he breached his contract with plaintiff and accepted employment with a competitor only because of " salary differences." The plaintiff seeks to enjoin him from continuing in such employ or that of any other rival concern on the theory that he would be irreparably injured if the defendant communicated to his new employer secrets and knowledge which he acquired while in the service of the plaintiff.

True it is that an employee may be enjoined in a proper case from associating with a competitor where he is likely to use to the special disadvantage of his former employer business information which he acquired while in the latter's employ.   (*McCall Co.* v. *Wright,* 198 N. Y. 143.)   Although the contract of employment here contains a statement by the defendant that he would obtain important information as a result of his employment, I am not at all satisfied from the evidence submitted upon this application that such is actually the case.   The nature of the employment, the comparatively small salary paid to the defendant, and the number of those doing the same work, lead me to the belief that there is some doubt as to the applicability of the *McCall Case* (*supra*).   I am rather inclined toward the feeling that the decisions in *Hammerstein* v. *Mann* (137 App. Div. 580) and *Dockstader* v. *Reed* (121 id. 846) are more in point, and that injunctive relief should not be granted where it is sought against an employee whose services are not extraordinary or unique in character and who can undoubtedly be replaced without difficulty.   In the circumstances, I think that the demand of the moving party should await the actual trial of the cause, and the motion is denied.